HENRY M. YOUNG v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 16, 1938.

No. 31,786.

[1]Reported in 282 N. W. 691.

*A. L. Janes* and *J. H. Mulally,* for appellant.

*Dell & Rosengren* and *M. J. Daly, Jr.,* for respondent.

STONE, JUSTICE.

Action for wrongful death with verdict for plaintiff. Defendant appeals from denial of its blended motion for judgment notwithstanding or a new trial.

October 15, 1935, the deceased, Harold E. Young, was driving southeasterly from East Grand Forks to Crookston on trunk highway No. 2, which parallels defendant's right of way at all points now important. Near Fisher defendant's section foreman had started a fire on its right of way. On the stretch of highway flanked by the fire Young's car collided with a truck driven by one Hagen, with results fatal to Young.

Smoke from the fire was blown across the highway by a south wind. Thereby visibility was much reduced. There was testimony that the smoke "didn't look so bad, but after you got into it, you were right into the fire," and that there the smoke was dense.

That Young's car was on the wrong (left) side of the road at the time of the collision is not demonstrated. It is possible that he turned to that side to avoid smoke and flames which reached and were blown onto the pavement; or that the smoke was so thick that at the moment he did not know on which side he was traveling.

There was in evidence without objection the written report of a deputy sheriff. It included a statement that the accident was caused by the dense smoke. It reported also a statement by defendant's section foreman that he and other employes of defendant had started the fire, and that "with the high wind the fire got away from them." There was additional evidence that after the fire got beyond control defendant's employes did nothing to warn those on the highway.

■ The finding that defendant was negligent is not contested. But defendant contends that the evidence conclusively shows that deceased was guilty of contributory negligence.

There is no evidence that Young's speed was negligent. But it is argued that he was negligent as matter of law in driving into the smoke at all. Both as to reasoning and result, defendant's position on this point is supported by Castille v. Richard, 157 La. 274, 102 So. 398, 37 A. L. R. 586; Dominick v. Haynes Bros. 13 La. App. 434, 127 So. 31. But we are already committed by Becker v. Northland Transp. Co. 200 Minn. 272, 274 N. W. 180, 275 N. W. 510, to the proposition that a motorist is not negligent as matter of law in driving into smoke or fog without first stopping and making a deliberate survey of the situation. That view seems to be supported by the weight of authority. Annotations, 37 A. L. R. 587; 73 A. L. R. 1020. Here, with evidence that the smoke did not appear dangerously dense until one was in the midst of it, the jury was justified in finding that deceased was not negligent in entering it.

Even though it be conceded that deceased was on the wrong side of the road at the time of the collision, it need not follow that responsibility for the accident became his as matter of law. For, once into the murk, flames played about and under his car. So close were they that both Mr. Young's clothing and the upholstery of his car were ignited before he was removed from the wreck.

"Having driven into the smoke * * * a man of ordinary prudence might conclude that it was safer to go on than to stand still; at least a jury might have so found and evidently did find so in this case." Becker v. Northland Transp. Co. 200 Minn. 276, 274 N. W. 182. And here, if deceased was on the wrong side, the jury could reasonably have found his presence there justified by the emergency.

■ Defendant urges that it was error to receive in evidence the conversation of plaintiff's witnesses with defendant's section foreman, in which the latter said that the fire "got away from them." Whether that statement was or was not a part of the *res gestae* we need not say. It is admitted that defendant set the fire, and obvious,

from undenied testimony, that the fire did get away. Again, the same statement was in the deputy sheriff's report, mentioned above. The evidence complained of can hardly be said to have been prejudicial to defendant.

The $6,000 verdict is attacked by defendant as excessive. We can find in the record nothing to justify us in disturbing it as to amount.

Order affirmed.

