## W. B. ATCHISON V. TEXAS & PACIFIC RAILWAY COMPANY.

No. A-390. Decided March 14, 1945.
Rehearing overruled April 11, 1945.
(186 S. W., 2d Series, 228.)

*Scarborough, Yates & Scarborough* and *J. R. Black,* all of Abilene, for petitioner.

It was error for the Court of Civil Appeals to hold that the negligence of the railway company in starting a grass fire was

as a matter of law not the proximate cause of the injuries to petitioner's wife when she was run into by a third party in a cloud of smoke from said fire while traveling on a public highway. Missouri, K. & T. Ry. Co. v. McLain,, 133 Texas 484, 126 S. W. (2d) 474; Fisher v. So. Pac. Ry. Co., 72 Cal. App. 649, 237 Pac. 787; Young v. Great Northern Ry. Co., 204 Minn. 122, 282 N. W. 691; Lambert v. Emise, 120 N. J. L. 164, 199 Atl. 44.

*Shropshire & Bankhead,* and *Donald L. Case,* of Dallas, of Weatherford, for respondent.

The cloud of smoke in question in this case merely brought about a condition and was neither the sole or concurrent proximate cause of the collision of which plaintiff complains, and the railway company is in no sense liable for all or any part thereof, and the judgment of the Court of Civil Appeals should be affirmed. Waggoner v. Simmons, 117 S. W. (2d) 553; Horton & Horton v. House, 29 S. W. (2d) 984; Parker v. Jakovich, 115 S. W. (2d) 790.

MR. JUDGE FOLLEY, of the Commission of Appeals delivered the opinion for the Court.

This suit was filed by the petitioner, W. B. Atchison, against the respondent, Texas & Pacific Railway Company, to recover damages for injuries sustained by petitioner's wife when the automobile in which he was riding collided with that of a third party upon a public highway adjacent to respondent's railroad while the highway was enveloped in dense smoke from a grass fire alleged to have been negligently started by respondent on its right of way and which spread to the surrounding area. The trial before the court without a jury resulted in a judgment for petitioner in the sum of $750.00. The Court of Civil Appeals reversed such judgment and rendered one for respondent. 183 S. W. (2d) 179.

The facts show that on the day of the collision a grass fire originated on the right of way of the railway company in Callahan County east of the town of Putnam immediately after the passing of one of the respondent's trains. The fire spread over a large area, and the smoke therefrom drifted across the public highway running parallel with the railroad about the time petitioner's wife, Mrs. Atchison, was riding along the highway in an automobile driven by Mrs. Elva Smith. While Mrs. Smith was driving slowly through the smoke on her right-hand side of the road her automobile was struck by an automobile of

a third party traveling in the opposite direction, which collision resulted in injuries both to Mrs. Atchison and Mrs. Smith.

The trial court filed findings of fact and conclusions of law to the effect that the railway company negligently permitted grass, weeds and other vegetations to grow up and remain on its right of way in a highly combustible state; that respondent negligently set fire to the grass and weeds on its right of way which spread and caused smoke to drift over the highway; that each of these acts of negligence was a proximate cause of the injuries; that Mrs. Smith was not guilty of negligence; that the driver of the automobile which struck Mrs. Smith's car was guilty of negligence, but that such negligence was not the sole proximate cause of the collision; that petitioner was damaged in the sum of $750.00; and that petitioner was entitled to recover.

The Court of Civil Appeals found that the burning of the grass under the circumstances merely brought about a condition which was neither the sole nor a concurring proximate cause of the collision; that the uncontroverted evidence showed that the injuries were occasioned by the conduct of a third party in no way connected with respondent and for whose conduct respondent was not responsible; and that the conduct of the third party was the sole proximate cause of the collision. The petitioner cites these holdings as error.

■ The general rule is that the owner or occupant of premises abutting a highway must exercise reasonable care not to jeopardize or endanger the safety of persons using the highway as a means of passage or travel, and the owner or occupant is liable for any injury that proximately results from his wrongful acts in this respect. Skelly Oil Co. v. Johnson, 151 S. W. (2d) 863 (writ refused).

■ The liability of an owner or occupant of private premises abutting on or near a highway for injury or damage resulting from an automobile collision on the highway allegedly occurring because the driver's vision was obscured by smoke negligently allowed to emanate from such premises, has been the object of judicial determination in many jurisdictions. Pitcairn v. Whiteside, 109 Ind. App. 693, 34 N. E. (2d) 943; Farrer v. Southern R. Co., 45 Ga. App. 84, 163 S. E. 237; Keith v. Yazoo & M. Valley R. Co., 168 Miss. 519, 151 Southern 916; Southern Cotton Oil Co. v. Wallace, 27 Ga. App. 415, 108 S. E. 624;

Oviatt v. Garretson, 205 Ark. 792, 171 S. W. (2d) 287; McCombs v. Southern R. Co., 39 Ga. App. 716, 148 S. E. 407; Ryan v. First Nat. Bk. & Tr. Co., 236 Wis. 226, 294 N. W. 832; Thompson v. Erisman, 157 S. W. (2d) 439, affirmed 140 Texas 361, 167 S. W. (2d) 731; Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825; Jacobs v. Atlantic Coast Line R. Co., 147 S. C. 184, 145 S. E. 146; Young v. Great Northern Ry. Co., 204 Minn. 122, 282 N. W. 691; Fisher v. Southern Pac. Co., 72 Cal. App. 649, 27 P. 787; Waggoner v. Simmons, 117 S. W. (2d) 553; 150 A. L. R. 371.

In only two of the cases above cited was the opinion expressed that the smoke was only a condition affording the occasion for the collision, and which could not constitute a proximate cause thereof. The first is the Nebraska case of Anderson v. Byrd, and the second is the Texas case of Waggoner v. Simmons, decided by the Fort Worth Court of Civil Appeals, which did not reach this court by application for writ of error. In all of the other cases cited the rule seems to prevail that whether the smoke was the proximate cause of the collision on the highway is a question for the jury's determination. As typical of the holdings in all of these authorities representing the majority rule, we review briefly a few of them.

In Pitcairn v. Whiteside, supra, the plaintiff was driving his automobile along a paved highway and, upon reaching a point where dense clouds of smoke from a fire on defendant railroad's right of way were rolling across the highway, proceeded through such smoke on his own side of the road at a rate of speed of from three to four miles per hour, and while thus proceeding through such smoke his automobile was struck by another automobile traveling in the same direction. It was held that since there was a violation of the railroad's duty to refrain from the creation or maintenance of any condition upon the right of way which subjected the traveling public in the vicinity to unreasonable risks or conditions that were unnecessarily dangerous, the evidence was sufficient to entitle the jury to determine whether or not the railroad was guilty of negligence.

In Farrer v. Southern R. Co., supra, the trial court sustained a demurrer to plaintiff's petition in an action against a railroad company for an injury sustained in a collision between two automobiles on a highway parallel with the railroad right of way occasioned by smoke from a fire started by one of the company's agents. The appellate court held that where one negligently sets fire to grass from which smoke envelopes the high-

way so as to blind two travelers along the road approaching each other in automobiles, he is liable in damages for the injuries which proximately result from such negligence, and that the petition alleging such facts is not subject to a demurrer.

In Keith v. Yazoo & M. R. Co., supra, the plaintiff was proceeding in a truck along a highway parallel to the right of way of the defendant railway company, and, upon discovering that he could not see ahead of him because of the density of smoke arising from a grass fire on the right of way, drove his truck to the right side of the highway, and after stopping was suddenly struck in the dense smoke by an approaching truck. It was there held that the jury was warranted in finding that the fire producing the smoke was negligently set out on a windy day and that the employees of the railroad company might reasonably have foreseen that some injury might result to travelers upon the highway.

The case of Ryan v. First Nat. Bk. & T. Co., supra, was an action against the operators of an air port by a motorist for injuries received when his automobile was struck by an automobile approaching from the opposite direction while he was proceeding through a cloud of smoke emanating from a grass fire on the flying field of an airport near the highway. It was there held that the demurrer to the complaint filed by the operators of the airport was properly overruled where such complaint alleged that the agents and servants of the operators were negligent in starting a grass fire at the airport and in permitting it to burn when the smoke from the fire was blown toward and onto the highway in such manner that the servants of the defendants should have known, in the exercise of ordinary care, that the presence of the smoke upon the highway in such gusts and clouds might endanger the lawful users thereof.

The only Texas case dealing with the question which has reached this court is that of Thompson v. Erisman, supra. The holding of the Court of Civil Appeals in that case was in harmony with the majority rule from the other jurisdictions rather than that expressed in Waggoner v. Simmons and Anderson v. Byrd. The defendant's theory in the Erisman case that the smoke furnished only a condition which could not have been a proximate cause of the collision was expressly overruled by the Court of Civil Appeals, however, the cause was reversed because of the general manner in which the issue was submitted to the jury inquiring if the railway company set fire to the vegetation on the right of way. This court granted the plain-

tiff's application for a writ of error upon the procedual question as to the correct manner of submitting such jury issue. By majority opinion the judgment of the Court of Civil Appeals was affirmed, thus remanding the cause to the trial court for another trial. 140 Texas 361, 167 S. W. (2d) 731.

The precise question here involved was not directly before us in the Erisman case, however, if this court had then held the view that the smoke on the highway created only a condition which could not under the circumstances have constituted a proximate cause of the collision, no doubt some indication thereof would have been contained in the opinion of this court for the benefit of the trial court upon another trial. The ommission therein of any expression on this question was a tacit approval of the holding thereon made by the Court of Civil Appeals. But regardless of any implication arising from our disposition of the Erisman case, we choose to follow the majority rule to the effect that the negligent setting fire to vegetation on lands adjacent to a highway by the owner or occupant thereof which envelopes the highway in smoke is more than a mere condition affording the occasion for other causes to bring about a collision on the highway, but may in a proper case constitute the proximate cause of an injury for which the negligent owner or occupant may be compelled to respond in damages.

In view of the above principles of law we think petitioner was entitled to recover under the record presented in this case. The holding of the Court of Civil Appeals to the contrary is predicated upon the erroneous theory that the railway company's act in setting fire to the grass was only a remote cause of the injury and that the sole proximate cause thereof was the act of a third party over whom the respondent had no control.

In the findings of fact the trial court did not find that the negligent act of the third party was a proximate cause of the injury. The only finding in that connection by the trial court was the negligent conduct of the third party was not the sole proximate cause of the collision. The Court of Civil Appeals thus found as a matter of law that the negligence of the third party was not only a proximate cause of the injury but the sole proximate cause thereof. It is our opinion that the evidence does not authorize a finding as a matter of law that the negligent act of the third party was the sole proximate cause of the collision. Nor does the evidence authorize a finding as a matter of law that the original negligence of the railway company was

not a proximate cause, or at least a concurring proximate cause, of the injury. As we view the matter it is immaterial as to whether the negligent act of the third party was a proximate cause of the collision, and for the purposes of this opinion we shall assume such to be the case.

The authorities relied upon by the Court of Civil Appeals in rendering judgment for respondent do not involve concurrent proximate causes which operate together in bringing about an injury, but concern instances where an independent agency unconnected with the original negligence intervenes in such manner as to supersede the original negligent act and becomes within itself the efficient cause of the injury. In our judgment such cases have no application to the facts of this case.

■ The rule is well established in this State that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other. Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas 356, 14 S. W. 26, 19 Am. St. Rep. 755; Galveston, H. & S. A. Ry. Co. v. Vollrath, 40 Texas Civ. App. 46, 89 S. W. 279.

■ The proximate cause is not always the one nearest the injury, and if the original negligence concurs with some new cause or agency in producing an injury the original negligence remains a proximate cause thereof and the original wrongdoer will not be relieved of liability because subsequent events or agencies may have concurred with the original negligence in bringing about the injury. Gulf, C. & S. F. Ry. Co. v. Ballew (Tex. Com. App.) 66 S. W. (2d) 659; Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S. W. (2d) 820; Atchison, T. & S. F. Ry. Co. v. Mills, 53 Texas Civ. App. 359, 16 S. W. 852 (writ refused); Sandel v. State, 115 S. C. 168, 104 S. E. 567, 13 A. L. R. 1268.

■ To make a negligent act the proximate cause of an injury it is not essential that the particular injurious consequences and the precise manner of their infliction could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury, it is sufficient that if at the time of the original negligence the wrongdoer might by the exercise of ordinary care have foreseen that some similar injury might result from the negligence. Collins v. Pecos & N. T. Ry. Co., 110 Texas 577, 212 S. W. 477; Fort Worth Gas Co. v. Cooper,

241 S. W. 282; Heiting v. Chicago, R. I. & G. P. Railway Co., 252 Ill. 466, 96 N. E. 842, Ann. Cas. 1912D, 451.

In the case of Keith v. Yazoo & M. Valley Ry. Co., 168 Miss. 519, 151 Southern 916, 918, as in the instant case, the railway company sought to escape liability because of the negligent act of a third party, Grant Alexander, whose truck collided with that of the plaintiff, and in overruling the railway's contention in this respect the Court said:

"Having established negligence on the part of the appellee in creating the fire and smoke, the injury received by the appellant was contributed to by that negligence, even if we say, for the sake of the argument, that Alexander was negligent in continuing to drive his car through the dense smoke at a time when he could not see ahead of him. Assuming that to be true, the negligence of the railroad in creating the smoke on the public highway and that of Alexander co-operated to bring about the injury to the appellant—the dense smoke continued to be actively operative and Alexander continued driving his truck through it. Where the negligence of one party is established, and the negligence of the other party co-operates with the former, both are liable for damages which ensue therefrom."

Had it not been for the smoke upon the highway in the case before us the injury would not have occurred. The smoke was more than a mere condition unconnected with the act of the third party. It was an active agency produced by the respondent's negligence which necessarily interferred with the vision of the drivers of both automobiles to such an extent that it might be determined by the trier of facts that the collision would not have happened without its concurrence and that such injury, or one similar thereto, was reasonably foreseeable. The smoke cooperated with the negligent act of the third party and had not ceased to operate at the very time of the collision, and thus the independent agency had not intervened in such manner as to break the chain of causation and supersede the original negligent act by becoming within itself the sole proximate cause of the collision. At least questions of fact were presented upon all of these controversial matters all of which were resolved by the trial court in favor of petitioner.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 14, 1945.

Rehearing overruled April 11, 1945.