9705. POOLE *v.* CENTRAL OF GEORGIA RAILWAY CO.

It does not, as a matter of law, appear from the petition as amended that the injury resulted from failure on the part of the plaintiff to exercise ordinary care. The court erred in sustaining the general demurrer and dismissing the case.

DECIDED JANUARY 16, 1919.

Action for damages; from city court of Oglethorpe—Judge Greer. April 10, 1918.

*Hatcher & Smith,* for plaintiff.

*Jule Felton, Yeomans & Wilkinson,* for defendant.

WADE, C. J. Orrin P. Poole sued the Central of Georgia Railway Company for damages on account of certain personal injuries to himself, alleged to have been brought about substantially as follows: On the night of June 13, 1917, about 12:30 o'clock, the plaintiff, a deputy marshal of the City of Marshallville, who, as such, had been generally requested by defendant to regularly inspect its depot, was standing on the defendant's walk or gravel platform, which was in close juxtaposition to a side-track seldom used by the defendant, and at a point used by the public generally in awaiting trains and in going to and from the depot. The depot was in total darkness, and running parallel to it were three lines of track,—the main line and a side-track on each side thereof. The defendant's engine with its long line of freight-cars came into the City of Marshallville on the main line, and stopped at the station—the train extending some distance above and below the station. The train was uncoupled below the station, beyond the

sight of the plaintiff; and, without any knowledge on his part, some of the cars were shifted to the side-track next to the station and backed to and beyond the point where he was standing. He alleges: that by reason of several intervening cars, he could not see the engine or its headlight, and that the train was backed upon the side-track and in his direction without warning; no bell was rung or whistle blown; no light showed on the rear car or on any car, and no lookout was stationed on the rear car or on the ground to warn of danger; and the defendant was negligent in that it was guilty of all these acts of commission and omission notwithstanding the train was *backing* on a side-track at night and in the direction of the main street of the city, which crossed the defendant's tracks at right angles, where the presence of pedestrains should have been anticipated; that the plaintiff was struck by a car or some projection from a car, and that the train ran over his foot, so mutilating it that amputation was necessary, and thereby caused him to be permanently injured. The defendant demurred to the petition, the demurrer was sustained, and the case dismissed, and the plaintiff excepts.

The facts alleged convey to us such a mental picture of the circumstances leading up to and surrounding plaintiff's injury as to compel the conclusion that a cause of action was set out, entitling the plaintiff, in the event his allegations of negligence should be sustained by proof, to have his case submitted to a jury. We cannot say, as a matter of law, that the petition as a whole showed such a want of ordinary care on his part as to authorize its dismissal on demurrer. No fixed rule or set of rules can be laid down or followed in cases of this character, since they stand largely upon their own facts, and questions of negligence are questions of fact, for determination by a jury. We gather from the briefs of counsel that the trial court's action in sustaining the demurrer and dismissing the case was more or less influenced by the ruling of this court in the case of *Southern Railway Co.* v. *Young*, 20 *Ga. App.* 362 (93 S. E. 51). The similarity between that case and this case is not such as to be controlling; the salient differences being that in the *Young* case the train was a *passenger-train* being operated on the *main* line, after midnight, with its headlight burning and clearly visible to the plaintiff long before the locomotive struck him; that when injured he was calmly walking in a path, which

ran parallel to the main line, and with full knowledge of its *close* and dangerous proximity to the track occupied by the oncoming locomotive, which he actually saw approaching, and yet he made not the slightest effort to remove himself to a place of safety; whereas in the instant case the train that injured the plaintiff was a *freight-train backing* out of the darkness, after midnight, without his knowledge; and the car that struck him was the rear car, or some projection thereof, in a long train of cars, from which no light of any kind showed; no lookout was maintained, and no warning whatsover given, although the injury occurred at a place where, under the facts and circumstances alleged, the the plaintiff's presence should have been anticipated; and finally it is alleged that the plaintiff had no knowledge that the train, which had pulled up and stopped at the station on the main line, had been switched onto the side-track near which he was standing, in line with his duties, and that it was backing in his direction.

We cannot say, as a matter of law, that the plaintiff was guilty of such contributory negligence as to defeat a recovery, but it is for a jury alone to say to what extent, if any, he contributed to his injury. It is the opinion of this court that the petition as amended set forth a cause of action, and the trial judge erred in dismissing the case on demurrer.

*Judgment reversed. Jenkins and Luke, JJ., concur.*