12431.   SOUTHERN COTTON OIL CO. *v.* WALLACE.

1. Under the ruling in *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 332 (96 S. E. 573), the petition in this case set out a cause of action, and the court properly overruled the demurrer.
2. The evidence authorized the verdict.

DECIDED OCTOBER 6, 1921.

Action for damages; city court of Waynesboro — Judge W. H. Davis. March 21, 1921.

*H. C. Hatcher,* for plaintiff in error.
*E. V. Heath, H. B. Wallace,* contra.

BLOODWORTH, J.   Wallace sued Marchman and the Southern Cotton Oil Company for damage to his automobile, alleging, in part, that the plant of the Southern Cotton Oil Company at Waynesboro was situated some distance from the public highway; that the corporation had " a pipe run from the trampers of its press and extending a distance of some 100 yards to the public road, the

outlet for said pipe being in the ditch right on the side of the road;" that while he was driving his automobile along the public road he was forced to stop his car "just before he reached the outlet of said pipe, on account of an outburst of steam from said pipe; that the steam from said pipe formed a dense fog, so dense that petitioner could not see ahead of him at all; that petitioner, being unable to see, stopped his car completely as an extraordinary precaution; that plaintiff's car was in the middle of the road;" that while petitioner's car "was at a standstill, waiting for the outburst of steam to get out of the way, a two-ton truck owned by H. B. Marchman and driven by his employee, Johnson, who was using the same in the business of said Marchman, came along said road from Waynesboro; that the said Johnson did not stop the truck, but came right on through the fog, although it was impossible for him to see or be seen, and his truck struck the car of petitioner directly in the front; that by said collision all of the front part of petitioner's car was completely ruined;" that "the use of said pipe seriously interfered with travel on said road, endangered the safety of all parties using said road, and amounted to gross negligence on the part of said defendant company in operating its plant;" that "the failure of Johnson, the driver of H. D. Marchman's truck, to stop his said truck when he saw the outburst of steam so dense he could not see what was ahead of him, amounted to gross negligence on the part of said Johnson as employee of H. D. Marchman." Petitioner prayed for judgment for the amount of his damages.

The Southern Cotton Oil Company demurred to the petition, and among the grounds of demurrer were the following: " (1) Because the said petition sets forth no cause of action against this defendant. (2) Because the defendant is sued jointly with H. D. Marchman in said cause, when the facts alleged show there was no concert of action between defendant and said Marchman and his servants, but on the contrary shows that the acts of negligence charged against defendant were totally disconnected and in no way related to each other. (3) Because the act of negligence charged against this defendant neither naturally produced the injury to plaintiff, nor did it tend naturally to produce the act or damage charged against his codefendant." The demur-

rer was overruled, the case proceeded to trial, and the trial resulted in a verdict for the plaintiff.

1. Under the ruling in *Bonner* v. *Standard Oil Co., 22 Ga. App.* 532 (96 S. E. 573), the petition sets out a cause of action, and the court properly overruled the demurrer thereto.

2. The motion for a new trial contains no allegation that in the trial of the case any error of law was committed; there is sufficient evidence to support the verdict, the judge who tried the case approved the verdict, and this court will not interfere.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*