### 17615.  ROME RAILWAY & LIGHT COMPANY *v.* McCARTHA & THOMAS.

1. In this action against a street-railway company to recover for damage to the plaintiffs' automobile, resulting from a collision between the automobile and one of the defendent's street-cars, under the circumstances disclosed by the evidence, i can not be said as a matter of law that the damage could have b    i avoided by the exercise of ordinary care on the part of the plainti    or their servant who was driving the automobile, nor even that there     as any negligence attributable to them.

2. It can not be said as a matter of law that under the facts stated in the charge requested by the defendant, the jury could not have found the defendant negligent. Hence, the court did not err in refusing to give such charge.

3. The point made in the second special ground of the motion for a new trial is plainly controlled by the decision of this court in *Western & Atlantic Railroad* v. *Reed*, 35 *Ga. App.* 538 (6) (134 S. E. 134).

4. The verdict in favor of the plaintiff was authorized. There was no error in refusing a new trial.

DECIDED MAY 12, 1927.

Damages; from city court of Floyd county—Judge Bale. July 6, 1926.

*L. A. Dean, Lamar Camp,* for plaintiff in error.

*Porter & Mebane,* contra.

BELL, J. The plaintiffs as partners or joint owners sued the street-railway company for damages to the plaintiffs' automobile, resulting from its collision with the defendant's street-car. The jury returned a verdict in favor of the plaintiffs for $350, the full amount of the alleged damage, and the defendant excepted to the overruling of its motion for a new trial. The question for determination is whether under the evidence the verdict was authorized. The contention is that the evidence discloses as a matter of law that the driver of the automobile was guilty of negligence equal to or exceeding that of the defendant, and could have avoided the collision by ordinary care.

1. The theory of the plaintiffs' case was that on an exceedingly dark and foggy morning about eight o'clock the defendant's agent so negligently operated its street-car as to cause the injury complained of; that the car was being operated at the alleged danger-

---

Street Railroads, 33 Cyc. p. 1477, n. 9; p. 1480, n. 20, 21; p. 1506, n. 83; p. 1508, n. 95; p. 1524, n. 81; p. 1544, n. 89; p. 1596, n. 94; p. 1609, n. 55; p. 1613, n. 79; p. 1615, n. 87; p. 1617, n. 97; p. 1622, n. 27.

Trial, 38 Cyc. p. 1707, n. 98.

ous speed of fifteen or twenty miles per hour, without lights, and without the sounding of any bell or gong or other warning of its approach, notwithstanding the fog was such that a street-car without lights could not be seen at a greater distance than ten or twelve feet. Mr. McCartha, one of the plaintiffs, testified that he was riding in the automobile on the occasion in question, and that it was being driven three or four feet from the outside track of the car-line, and was proceeding towards the city of Rome at the rate of about six miles per hour, just behind a large express truck. His testimony was in part as follows: "We were on the right-hand side of the street-car track. We were about three or four feet from the street-car track, and this truck was in front of us, and all at once this truck turned off as quick as it could turn. I judge the truck was about two feet from the street-car track, and all at once it turned off quickly about ten feet in front of our coupé. The side of the street-car, when it is being run, extends out and over the rails about two feet, I judge. When the Southeastern Express Company's truck pulled to the right and from out in front of us and off the track, the express truck at that time was not more than two or three feet from me at the time the truck stopped. When it pulled off the track in front of me and before, I knew nothing about a street-car coming, meeting me. I couldn't tell because of the heavy fog, couldn't see it; and then the truck in front of me obstructed my view also. Just as soon as the truck pulled off to the right there in front of me the street-car ran right into our car. The left front end of the street-car struck the left side of our automobile. It tore it all to pieces. The fog was about as heavy as I have ever seen. We were coming along slowly, six to eight miles per hour, and this truck was eight or ten feet in front of us, and we could just see the express company's truck, and we could not see beyond it, and we could not see the street-car. It was dark just like night. The electric lights were not on the street. I say that there were no electric lights because I did not see them. I heard no ringing of a bell, sounding of the gong, or anything to give any notice of the car's approach. The first I knew of the approach of the street-car was when it hit us. The street-car must have been going fifteen or eighteen miles per hour, because we were practically stopped at the time we were hit. As the express truck turned off my negro

turned in just the least bit, and then the street-car hit it. There was nothing that my driver could have done that he did not do before the street-car hit him." There was other testimony by business men of Rome to the effect that this was the heaviest fog in the history of Rome.

Nathaniel Guidehigh, the plaintiff's employee who was driving the automobile, testified: "It was so foggy I couldn't see, never saw a fog any heavier than that. I couldn't hardly see an automobile or man or street-car in front of me that didn't have a light on it. The street-car hit me down there as I was coming back to Rome that morning in this coupé on Second Avenue. I was driving about a foot or foot and a half from the rail of the track before it hit me. At the time it hit me I was driving that close to it. My coupé was hit on the left-hand side. The left front end of the street-car hit me. . . The express wagon was in front of me just before the street-car hit me. As the street-car was approaching it had no lights at all on it. My automobile had lights on it at the time. The motorman on the street-car did not ring a bell or sound the gong or anything to give me notice of the approach. I was driving about six miles an hour at the time I was hit. I would say the street-car was running something like twenty miles an hour when it hit me. . . The first thing I knew of the street car coming was when it hit me. I couldn't see it because it had no lights on it and there was such a fog I could not see it. . . There was no time between when I first saw the street-car, after the truck in front of me had moved out of the way, until it hit my automobile. . . I would have missed if I had known the street-car was coming. I didn't know it was coming on the street. I didn't know what time it was going to run. I think I got in behind that express truck over there at the bridge and followed it all the way from the bridge over the Oostanaula river right along. It was right in front, and it was foggy."

The evidence introduced by the defendant was in some particulars contrary to the above, but that fact is, of course, immaterial in this court, since the jury were the final arbiters of the contradictions in the testimony. Taking into consideration the weather conditions and all the attendant circumstances, this court is unable to say, as a matter of law, that the finding in the plaintiff's favor was contrary to law. The jury were fully authorized to find that

because of the heavy fog and the lack of lights or other warning, neither the driver nor Mr. McCartha was negligent in failing to apprehend the approach of the street-car. This is especially true since it is the duty of the motorman in running a street-railway car through a public street to notice the presence of travelers thereon, and "at all times to be watchful to see that the way is clear; and where he has reason to apprehend danger or should in the exercise of ordinary care become cognizant of danger, he should regulate the speed of his car so that it could be quickly stopped should the occasion require it." *Perry* v. *Macon Street R. Co.,* 101 *Ga.* 400, 410 (29 S. E. 304). The defendant had no exclusive right to use the streets, and it was certainly not wrongful that the automobile should be driven along the defendant's tracks so long as the occupants of the automobile did not know and should not have known of the approach of the street-car. *Collins* v. *Augusta-Aiken R. Corp.,* 13 *Ga. App.* 124 (78 S. E. 944); *Dabbs* v. *Rome Ry. & Light Co.,* 8 *Ga. App.* 350 (69 S. E. 38). And it seems that the jury might very properly have inferred that in view of the fog and darkness the occupants of the automobile could have assumed that if a street-car should be approaching, its presence would be made known by a headlight or by some signal, by gong or the like, in ample time for travelers to clear the way. Furthermore, the view was obstructed by the large truck which was being driven immediately in front of the automobile. In *Savannah Electric Co.* v. *Nance,* 31 *Ga. App.* 632 (121 S. E. 690), on facts very similar to those now before us, and surely as hard against the plaintiff, this court declined "to say, as a matter of law, that the plaintiff must have been aware of the approach of the street-car until just prior to the time when he was struck, as alleged in the petition." See further, in this connection, *Poole* v. *Central of Ga. Ry. Co.,* 23 *Ga. App.* 285 (97 S. E. 886); *City of Macon* v. *Jones,* 36 *Ga. App.* 799, and citations. The cases of *Gainesville R. Co.* v. *Ham,* 17 *Ga. App.* 500 (87 S. E. 715), and *Athens Ry. & Electric Co.* v. *McKinney,* 16 *Ga. App.* 741 (86 S. E. 83), relied on by the plaintiff in error, are materially different in their facts from the present case.

Counsel for the plaintiff in error make the further contention in their brief that the verdict in favor of the plaintiffs for the full amount of the alleged damage is excessive, under the rule as

to reducing the damage in accordance with default attributable to the plaintiff, since, as counsel insist, the jury as a matter of law could not have found that the plaintiffs were entirely free from negligence even if they (the jury) were authorized to infer that the damage could not have been avoided by the exercise of ordinary care. But, under all the circumstances disclosed by the evidence, we can not say as a matter of law that the plaintiffs should be charged with any negligence whatever proximately causing the damage. The court did not err in refusing to sustain the general grounds of the motion for a new trial.

2. The first special ground of the motion complains that the court refused the defendant's request to charge the jury as follows: "If you find, from the evidence, that the driver of the plaintiff's automobile was running the automobile on or in such proximity to the street-railway track as to be struck by an approaching street-car, and the conditions were such, because of the fog or because of the express truck that was in front of him, that he could not see the street-car far enough ahead in time to get off the track before the street-car would strike the automobile, and he also had notice or knew, or by the exercise of ordinary care could have known, that a street-car was liable to come meeting him, then he would be guilty of negligence in staying on or so near said track under such conditions, which negligence would be sufficient to preclude a recovery in favor of the plaintiff in this cause." It can not be said as a matter of law that under the facts stated in the charge requested by the defendant, the jury could not have found the defendant negligent. Hence, the court did not err in refusing the request. See *Davis* v. *Whitcomb, 30 Ga. App.* 497 (2, 4) (118 S. E. 488).

3. The point made in the second, and only other, special ground of the motion is controlled adversely to the plaintiff in error by the ruling of this court in *Western & Atlantic Railroad* v. *Reed, 35 Ga. App.* 538 (6) (134 S. E. 134).

It follows from what has been said that the court did not err in refusing a new trial.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*