25852. POLLARD, receiver, *v.* BLACKBURN.

Decided February 5, 1937. Rehearing denied March 20, 1937.

*J. W. Overstreet, A. S. Bradley,* for plaintiff in error.
*John C. Hollingsworth,* contra.

MacIntyre, J. In an action for damages brought by D. H. Blackburn against H. D. Pollard as receiver for the Central of Georgia Railway Company, the plaintiff procured a verdict and judgment for $234.26. The questions for determination are (1) whether the court erred in overruling a general and certain special demurrers to the petition, and (2) whether the court erred in overruling the motion for new trial containing only the general grounds. The material allegations of the petition as amended are substantially as follows: (4) At a point approximately one hundred yards west of the station of Dover, the defendant's railway line is crossed by the Statesboro-Sylvania public road. "Said public road, in coming from the direction of Statesboro, runs past said station of Dover in a westerly direction about seventy-five yards along the right of way of said defendant company, and parallel to the main line of said railroad, and then turns abruptly at a right angle upon said railroad and crosses the main line of said railway company." (5) "At about six o'clock on the morning of November 19, 1934, your petitioner was driving a five-passenger Plymouth automobile along said public road at about ten miles per hour; and when he started to make the turn on to said crossing his vision was practically obstructed by fog, and, though driving slowly and cautiously, he drove his car off of the very narrow crossing and on to the track of said main line of railway. The rails of said track were so high above the level of the cross-ties and road-bed, being seven or eight inches high, that said car was caught in such manner as to prevent the driver thereof from crossing said track and the car became stalled, since the wheels of said car could not mount and pass over said rails." (6) After vainly endeavoring to drive said car off of said track, petitioner, with two passengers riding with him in said car, undertook to lift said car from said tracks, but were unable to do so. Petitioner endeavored to get other help to remove said car from said tracks, but before this could be done, a passenger-train in charge of unknown agents and employees of the defendant, and running from Atlanta to Savannah, collided with said car, damaging it as hereinafter alleged. (7) "Petitioner alleges that defendant was culpably negligent in failing to keep and maintain in good order a safe crossing at said point, in that said crossing . . is entirely too narrow, especially for a right-angle turn on to said crossing,

it being approximately fifteen feet wide, and which narrow and unsafe crossing was the proximate cause of the collision . . ; that your petitioner was without fault in the premises." (8) "The engineer operating the locomotive . . of said train was negligent in approaching said crossing, in that he did not keep and maintain a constant and vigilant lookout along the track ahead of said engine, and did not exercise due care in approaching said crossing, which if he had done he would have seen petitioner's automobile upon the tracks of said railroad, and could have stopped said train in time to avoid said collision, since the track on which said train was approaching said crossing is straight for approximately three fourths of a mile before reaching said crossing." (9) Said engineer "was careless and negligent in approaching said crossing at a rate of speed approximately thirty miles per hour, and thus not being able to stop said train when he saw said automobile on said tracks, or should have seen the same, and thus avoid the collision." (10) Before said collision said automobile was worth not less than $550, and after the collision it was worth not more than $150, a difference of $400. (11) Petitioner was deprived of the use of said automobile because of said collision for forty-five days, the reasonable hire for same being $2.50 per day. (12) By reason of the negligent acts of the defendant, as herein alleged, petitioner has been damaged in the sum of $400, the difference in the value of the automobile before and after the collision, the sum of $112.50 as reasonable hire for said automobile while deprived of its use as a result of said collision, and "in the further sum for the failure of . . defendant . . to promptly pay him for said damages."

After demurring generally on the ground that the petition set out no cause of action, the defendant demurred specially as follows: (1) "To the averments in paragraphs 7 and 8 of said petition, which are contradicted by plaintiff's allegations as to the fog which caused the plaintiff to run off the highway a distance of six feet." (2) "To paragraph 9 of said petition, because the rate of speed of the train was alleged to be running on approaching the crossing was not a specific act of negligence." We can not agree with counsel for plaintiff in error that the petition is so drawn that the plaintiff is confined to the allegation as to the narrow and unsafe condition of the crossing as the only proximate cause

of the collision. In this connection see the allegation of paragraph 12, that, "by reason of the negligent acts of the defendant, as herein alleged, petitioner has been damaged," etc. We also decline to hold as a matter of law either that the plaintiff was the author of his own misfortune, or that by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence. Whether or not the plaintiff employed proper means of getting his automobile off of the track under the emergency in which he was placed, and whether or not the defendant was negligent as alleged, were jury questions. Our view is that neither of the special demurrers was good, and that the amended petition set out a cause of action.

The plaintiff adduced evidence which tended to support the allegations of the petition. The defendant introduced evidence to the effect that the crossing was safe; that the heavy passenger-train of the defendant was traveling at about twenty-five miles an hour when it struck the automobile, which was a few feet off the crossing; that the engineer was familiar with the crossing and kept a vigilant lookout ahead and gave the usual and proper signals of his approaching the crossing; that the headlights of the engine were burning; that the morning was dark and the fog so heavy that it was a physical impossibility for the engineer to see the automobile or the reflection from its headlights until he was in a car-length of the automobile; that the engineer applied the brakes and did everything he could do under the circumstances to slow down the engine, but the collision was unavoidable so far as the defendant was concerned; and that if the plaintiff had gone up the track one hundred or more yards and lighted a paper, or had gone to the nearby station of Dover and got a lantern and signaled the train a proper distance from the crossing, the collision could have been avoided. Our view is that the evidence supports the verdict, and we hold that the court did not err in overruling the motion for new trial containing only the general grounds. See, in this connection, *W. & A. R.* v. *Leslie,* 48 *Ga. App.* 714, 719 (173 S. E. 170).

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. Conceding that the demurrers to the petition were properly overruled, I do not think the evidence

authorized a finding that the damages sued for were caused by any of the alleged acts of negligence of the defendant, as specified in the petition. In my opinion, it appears from the facts of the case that the damages to the plaintiff's automobile were the result, either of the plaintiff's negligence in driving his car off the railroad crossing and the public highway while his vision was partially obstructed by fog, or of an unavoidable accident.