29280. EVEREADY CAB COMPANY v. WILHITE.

816

DECIDED FEBRUARY 19, 1942.  REHEARING DENIED MARCH 27, 1942.

818

*Erwin & Nix,* for plaintiff in error.

*Wheeler, Robinson & Thurmond, Davis & Stephens, Green & Michael,* contra.

GARDNER, J. ■ The plaintiff in error assigns error on the following excerpt from the court's charge to the jury. We quote, but include in brackets those parts of the excerpt, omitted by plaintiff in error, which we think necessary to a proper appraisement of the assignment: "The defendant admits that Arthur E. Lester [was its agent, employee and chauffeur and] was engaged in its business and acting within the scope of his employment as such at the time of the collision. In this situation you are instructed that it will not be necessary for you to have proof on that fact as the plaintiff having charged in his petition that Lester [was the servant, employee and chauffeur of the defendant and] was engaged in its business and acting within the scope of his employment at the time of the collision and defendant having admitted this fact, this is to be taken by the court as true without the necessity of evidence on that question." The criticisms are that the court erred

in giving the above excerpt in charge to the jury; first, because this charge treated as still in force the admission in defendant's answer that at the time of the collision the driver of the cab was the agent of the defendant and acting within the scope of his employment; second, because the court instructed that such fact, having been admitted, was to be accepted by the jury as true without proof; third, because such charge was not authorized by the answer as amended; fourth, because the question of agency, under the answer as amended, was exclusively a question of fact for the jury's determination; and fifth, because such expression by the court in ·his charge to the jury on a question of fact was violative of Code, § 81-1104. For a proper appraisement of these criticisms of the above excerpt it is necessary to consider it in its relation to the amendment allowed to the answer as set forth in the statement of facts above. Immediately upon charging the excerpt complained of the court continued: "At that point, having just read to you from the sixth paragraph of the defendant's answer, it is proper that I read to you the amendment filed by the defendant in regard thereto." (See statement of facts above.)

The assignment of error is not meritorious for any of the reasons assigned. The defendant laid its original defense, and tried the case, on the theory that the driver of the cab was admittedly its agent and admittedly acting within the scope of his employment at the time of the collision; that while the driver was proceeding along the highway at a speed slightly greater than that required for him to determine whether the cab was running on a slack tire, the driver of the car in which the plaintiff was riding drove drunkenly and at a rapid rate of speed into the rear of the cab which had its front and rear lights burning, and that such action by the driver of the car was the sole proximate cause of the collision. Upon the conclusion of the evidence and before argument the defendant, still insisting on this theory of the collision, on being presented with evidence that the cab driver parked the cab as alleged, with lights extinguished, then sought to amend to meet this contingency. The legal effect of the amendment was that the original admissions as to agency and scope of employment of the driver, in their relation to the original defense, were preserved, but that should it appear that the driver did park the cab as alleged, which was expressly denied, he was not in so doing the agent of the defendant nor was he

acting within the scope of his employment. It matters little that it was declared in the amendment that the first sentence of paragraph 6 of the answer was stricken, when the amendment thereupon not only retained the admissions, but enlarged on them as related to the original defense. Therefore the court properly instructed the jury that there would be no necessity of proofs to establish that which the defendant had admitted.

Looking to the amendment further, it is apparent that the defendant was setting up an express denial that the agent had not parked the cab as alleged and with lights extinguished, and that, if he did so park the cab, he was not in so doing the agent of the defendant and was not acting within the scope of his employment. As to this denial, we think the jury clearly understood from the court's instructions in the charge to them that in such instances proof was necessary to establish the existence of the facts denied. In this connection on the question whether the driver was the agent of the defendant in parking the cab about fifteen minutes before the collision as alleged and proved, the court charged the jury: "I charge you, if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may by liable, but the master is not liable. The fact that the servant, in carrying out some personal purpose of his own, uses property intrusted to him by his master for use for the purposes of the employment, does not make the act of the servant, done in furtherance of the servant's personal purpose, an act of the master; and does not render the master liable to one injured in consequence thereof." Therefore, the jury, we think, were moved, not through any alleged erroneous instructions that they might accept the fact of agency and scope of employment as true, because admitted by the defendant, but rather on the failure of proof that the driver had departed from the scope of his employment and acted on a mission personal unto himself, when such "proof" rested on conjecture only. Even though it be conceded that sufficient inferences from the proved facts might show that the agent had departed from the scope of his employment on a personal mission, it conclusively appears that nothing the driver did on such mission had, per se, any causal connection with the collision and the injuries. The offending agency was the parked cab with lights extinguished. *It had not been taken from the course of*

*the authorized trip.* While the bringing of the cab to a stop for a purpose personal to the driver was not, volitionally, pursuant to the defendant's business, the defendant nevertheless remained bound in the absence of removal of the instrumentality literally from the course of the trip when the driver personally was departing from the scope of the employment. The charge of the court next above quoted, was extremely favorable to the plaintiff in error and inapplicable to the facts as proved.

■ This headnote needs no elaboration.

■ The evidence, though conflicting, was sufficient to support the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*