42103. CHAMBERLAIN v. RYCROFT.

Argued June 10, 1966—Decided September 16, 1966.

*Arnold & Harris, Ross Arnold,* for appellant.

*Sarah Frances McDonald, B. Hugh Burgess,* for appellee.

BELL, Presiding Judge. In order for a plaintiff to be permitted by law to recover in a tort action based on negligence the evidence must show four essential elements. These are: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interests as a result of the defendant's breach of the legal duty. *Lee Street Auto Sales v. Warren,* 102 Ga. App. 345, 347 (1) (116 SE2d 243). Cf. Prosser on Torts, 3d Ed. § 30.

Here the finding is demanded as a matter of law that at least the third essential element was totally absent from the case, as the only reasonable inference that can be drawn from the evidence is that the defendant did not share in producing the plaintiff's injuries. Thus there is no causal connection between the defendant's conduct and the plaintiff's injury. Further, this is not a case where the negligence of the other drivers of the cars in line may be legally attributable to the defendant. The evidence was silent regarding any agency relationship, and totally failed to show a joint enterprise, since it did not suggest that any of the drivers of the cars in line had any right to control, direct, or govern the operation and running of any of the vehicles other than his own. *Fuller v. Mills,* 36 Ga. App. 357 (136 SE 807); *Holland v. Boyett,* 212 Ga. 458 (93 SE2d 662).

The trial judge properly directed the verdict for the defendant.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*