### 42583.   HAWKINS v. STREETMAN et al.

PER CURIAM.   The sole question presented by the appeal in this case is whether, under the facts shown in the motion for a summary judgment and in the supporting depositions and affidavits appended thereto, the defendant Hawkins could be found by a jury to have been guilty of any negligent act proximately resulting in the plaintiff's injuries.   It appears that the defendant Hawkins was operating his automobile in a southerly direction in the middle lane of three southbound traffic lanes of an expressway in the City of Atlanta; that all of the automobiles being operated in the southbound lanes of the expressway immediately prior to the collision in question were moving together at a speed of approximately 40 miles

per hour; that the defendant Hawkins was followed in the middle lane by an automobile driven by the plaintiff Streetman, and plaintiff Streetman's automobile was being followed at a distance of about 100 feet by a bus of the defendant Greyhound Lines, Inc.; that defendant Hawkins, being desirous of securing directions and having observed a policeman standing beside the roadway, brought his automobile to a stop, or was in the process of bringing it to a stop, solely for the purpose of inquiring of the policeman as to the direction he should take in order to reach his destination, and that according to the plaintiff Streetman's testimony, she first observed Hawkins stopped in her lane of travel when she was 100 yards from him and was able to, and did, bring her automobile to a gradual and controlled stop two car lengths behind the automobile of the defendant Hawkins and remained in that position for three or four seconds while awaiting an opening in the traffic flow in the lane to her left so that she might proceed around Hawkins' automobile. However, according to the testimony of the bus driver, the plaintiff, while applying her brakes, failed to stop before striking the rear of the defendant Hawkins' automobile, and that the bus driver was unable to stop his vehicle and struck the rear of the plaintiff's vehicle virtually simultaneously with its collision with Hawkins' automobile. As a result of the aforesaid collisions plaintiff sustained the injuries for which she sued. The only basis for the appellant's contention that he was entitled to a summary judgment is, as he contends, because the undisputed evidence showed, if he were guilty of any negligence in stopping his automobile under the circumstances, that the plaintiff Streetman was able to completely avoid that negligence by bringing her automobile to a gradual and controlled stop, and that the sole cause of her injuries and damages was the negligence of the bus driver in failing to keep his vehicle under control so as to avoid striking the rear of the plaintiff's automobile. This contention is without merit. Defendant overlooks the fact that the deposition of the bus driver showed that the plaintiff was unable to avoid the negligence of the defendant Hawkins, in that his deposition shows that the plaintiff, contrary to her testimony, struck the rear of the defendant Hawkins' automobile while her automobile was still in motion and under its own momentum. Such testimony created an issue of fact as to whether the plaintiff was

able to and had avoided the negligence of the defendant in stopping in the traveled portion of a highway, and that issue of fact could be resolved only by a jury. The evidence was undisputed that the defendant Hawkins violated a duty which he owed to the plaintiff Streetman and others traveling on the roadway not to impede the traffic flow, and that he was guilty of negligence per se in parking or stopping his automobile in violation of the ordinances of the City of Atlanta and in violation of *Code Ann.* § 68-1670 (a) 15, which were pleaded in the petition. Viewed in a light most favorable to the defendant Hawkins, the evidence was in conflict as to whether such negligence was a contributing proximate cause of the plaintiff's injuries and damages. Under the circumstances shown by the evidence, this case is controlled by the principles announced in *Washington v. Kemp,* 97 Ga. App. 235 (102 SE2d 910), and in *Atlanta &c. Cab Co. v. Atlanta Taxicabs,* 104 Ga. App. 89 (121 SE2d 175). See also, *Bozeman v. Blue's Truck Line,* 62 Ga. App. 7 (7 SE2d 412), and *Williams v. Grier,* 196 Ga. 327 (26 SE2d 698). Neither *Millirons v. Blue,* 48 Ga. App. 483 (173 SE 443), nor *Tucker v. Star Laundry & Cleaners,* 100 Ga. App. 175 (110 SE2d 416), cited and relied upon by the appellant, requires a conclusion different from that which we here reach. The trial court did not err in overruling the defendant Hawkins' motion for a summary judgment.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*

ARGUED FEBRUARY 8, 1967—DECIDED JUNE 8, 1967—
REHEARING DENIED JUNE 28, 1967.

*Nall, Miller, Cadenhead & Dennis, Donald M. Fain,* for appellant.

*Northcutt & Edwards, Ken Doss, Gambrell, Harlan, Russell & Moye, Edward W. Killorin, Sidney F. Wheeler, Long, Weinberg & Ansley, Palmer Ansley,* for appellees.