43807. GEORGE v. LEE et al.

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 3, 1968.

*Davis & Worth, Amos R. Worth,* for appellant.

*Swift, Currie, McGhee & Hiers, J. Lewis Sapp, James H. Weeks,* for appellees.

PANNELL, Judge. Only Headnote 2 requires elaboration. Connie Sue George, as plaintiff, brought an action against Robert E. Lee, Rich's, Inc., and Thomas H. Witcher, the servant of Rich's, Inc., seeking damages for injuries sustained in a chain of rear end collisions. It is alleged that Lee had stopped in the right-hand lane of a two lane highway beyond a rise in the roadway hidden from view of automobiles following 100 feet or more behind, and that plaintiff came over the rise at a speed of approximately 45 miles per hour, saw defendant, and realized that he was stopped, applied her brakes, and as she was only a few feet from the lead car, she was hit by a car driven by the servant of the defendant corporation, which drove plaintiff's car into the rear of the Lee car, and immediately following "a second extremely hard impact occurred between the front end of plaintiff's automobile and the rear end of defendant" Lee's automobile. The negligence charged against Lee was that he was stopped on a public highway in a position where he could not be seen from a distance of 200 feet in the rear and stopping on a public highway closer than 12 feet to the center line, alleging both to be negligence per se because in violation of the statute of this State. The defendant Lee denied the material allegations of the petition and filed a motion for summary judgment based

on the pleadings, answers to interrogatories, and a deposition of the plaintiff. The answers of Lee to the interrogatories as to how the collision occurred were "four vehicles were traveling north on Federal Highway No. 23 [Georgia No. 42], about four miles south of Atlanta, Georgia. I was driving the second car of the four. As we topped a slight hill, the driver of car number one, a woman, slammed on her brakes. She was apparently startled by an officer of the DeKalb County Accident Investigation Squad and several vehicles immediately beside the highway on our right. I braked to a halt, or near halt, immediately behind her car. I was being followed by a Volkswagen [plaintiff's car] close enough to be classified as tailgating. The Volkswagen in turn was followed by a Ford [driven by Witcher]. The Volkswagen struck my car, and the Ford struck the Volkswagen. I don't know which occurred first, but the two impacts were very close together in time. Car number one ahead of me, which was not hit, drove away. My car was 'approximately' at a stop. I cannot say for sure. As soon as the car ahead pulled away, I stepped on the accelerator, trying to prevent the car behind from colliding with my car. I have an automatic shift so I cannot say whether or not I came to a complete halt—in my opinion, I did not. I stopped 'to prevent colliding with the automobile which stopped immediately ahead of me!'" Plaintiff's replies to interrogatories showed substantially the following: "I was traveling north on Georgia Highway No. 42 [U. S. No. 23] at about approximately 8:30 a.m. on 12 January 1967. There was a white car which I later identified as being driven by Mr. Robert E. Lee, traveling in the same direction about 200 yards ahead of me. As I came over a rise in the highway just before you get to Cedar Grove Road, I noticed the white car immediately ahead of me in the highway. At the same moment I saw that he was stopped and I applied my brakes and came to a stop about three feet behind his car. As soon as I came to a stop, I was hit from the rear by a car later identified as being driven by Mr. Thomas Witcher. My car was knocked forward and into the rear of Mr. Lee's car. My head, neck and back were snapped back and then I was thrown forward into the windshield of my car. The day was clear, the pavement was

dry, it was light. I was traveling at about 40 to 50 miles per hour as I came over the rise and just when I saw Mr. Lee's car stopped, I applied my brakes immediately and would estimate I was about 100 feet from his car when I applied my brakes."

The deposition of the plaintiff, on the question of whether there was another car in front of Mr. Lee, was as follows: that as she approached the point where the collision occurred she noticed cars on the highway going in both directions, that she noticed the car immediately in front of her, and it was a white car. "There was one car that was in front of me. I can't say the type." She further testified that she was aware that there was a car in front of her at one time, but she didn't see him until after she came over the rise, which she thought was Mr. Lee's car. Further in her testimony, in referring to the location of the collision, the following questions and answers were given: "Q. Do you recall whether there was any other vehicles at all at that point? A. Besides the white car in front of me? Q. And the car on the side of the road. A. I don't recall any other automobiles." Plaintiff testified further in her deposition that she saw no brake lights on the automobile of defendant Lee and that as she came over the rise a police officer was motioning defendant Lee to move on.

In our opinion, this testimony of the plaintiff was sufficient to authorize an inference that there was no car in front of the defendant Lee which caused him to stop suddenly; but that, on the contrary, Lee apparently slowed down to look at the wreck on the side of the road and was being motioned forward by .a police officer just before the collision occurred, which caused the injuries to the plaintiff here. While the plaintiff testified that she had come to a complete stop within three feet of Lee, the evidence of Lee is to the effect that she did not, that this evidence of Lee, plus the plaintiff's own pleadings that there were two times her Volkswagen hit the rear of Lee's car, would have authorized the jury to find that the plaintiff had not been able to stop. For this reason the case of *Tucker v. Star Laundry & Cleaners*, 100 Ga. App. 175 (110 SE2d 416) is not necessarily controlling here. A jury question is presented as to the negligence of the defendant Lee and its causal relation to the injuries

received by the plaintiff. Accordingly, we must hold that the trial court erred in granting the defendant Lee's motion for summary judgment. See in this connection *Dills v. Cooper,* 117 Ga. App. 95 (159 SE2d 501).

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*