44027. WEHUNT v. RASH, by Next Friend, et al.

ARGUED NOVEMBER 7, 1968—DECIDED FEBRUARY 28, 1969—
REHEARING DENIED MARCH 13, 1969.

365

*J. M. Grubbs, Jr.,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Thomas S. Carlock, Swift, Currie, McGhee & Hiers, Lowell S. Fine,* for appellees.

FELTON, Chief Judge. The depositions raised a number of genuine issues of material fact which cannot be resolved by summary judgment.

There was a direct conflict in the testimony as to whether the traffic signal involved was *red* (as defendant Wehunt claimed) or *flashing yellow* (as the plaintiff claimed) at the time of the collision. The testimony showed that the light operates sometimes during the day as a flashing or blinking signal (yellow for the highway and red for the intersecting road) and at other times, especially when traffic is leaving a commercial establishment on the intersecting road, it operates in a regular green-yellow-red cycle. Thus, a jury might find that Wehunt was lawfully stopped at a red traffic signal at the time of the collision. If the light be found to have been flashing yellow for the highway, however, whether Wehunt was negligent in stopping, rather than merely slowing down, would be an issue for the jury, depending upon whether the then-existing traffic conditions, as determined by the jury, justified or required his stop.

As to appellant's alleged failure to properly indicate his stop, the plaintiff testified that his brake lights were *not* on and that she couldn't remember whether or not his tail lights were on. Appellant testified that he had his foot brake on at the light, as there was a slight decline at that point of the highway, that his brake lights and tail lights were in operating order and that his automobile had undergone the state motor vehicle safety inspec-

tion at the required time. Thus, there was a factual issue as to whether or not the defendant's brake and tail lights were operative and on at the time in question, so as to give the co-defendant notice of his having stopped.

The testimony, then, raises the issues of whether or not appellant was negligent and, if so, whether such negligence was a proximate contributing cause or his co-defendant's negligence was the sole proximate cause. See *Washington v. Kemp,* 97 Ga. App. 235 (102 SE2d 910).

The court did not err in its judgment denying the motion for summary judgment.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*