46007-46030, 46032-46034.   PERRY v. LYONS et al.; AND 26 RELATED APPEALS AND CROSS APPEALS.

212

Argued March 9, 1971—Decided May 27, 1971—
Rehearing denied June 17, 1971—

K. S. *Hutto*, for Perry, Smith & Williams.

*Conyers, Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr.,* for Hoover & Lyons.

*Falligant, Doremus, Karsman & Maurice, Ogden Doremus,* for Wyatt.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Martin Kent,* for Myers.

*Brannen, Clark & Hester, Perry Brannen, Sr.,* for Greene.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Sam P. Ingelsby, Jr.,* for Ward & Tropical Uniform Rental.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for Morse.

EBERHARDT, Judge. The basic theory of these claims is that defendants Wyatt (#2), Ward (#3), Lyons (#4), Divinagracia (#5), and Hoover (#6) negligently collided with the automobiles in front -of them, or otherwise negligently stopped on the bridge, causing a blockade of the northbound lanes in a dense fog. Thereafter, vehicles 7 through 13 were able to stop without colliding, but it is contended that they could not move because the first five defendants had negligently blocked the traffic, that momentarily the tractor-trailer driven by Wright collided in the fog with the vehicles stopped because of the blocked traffic lanes, and that the negligence of Wright combined and concurred with the negligence of the first five defendants proximately to cause the injuries and damages complained of. The basic contentions of Lyons (#4), Divinagracia (#5), and Hoover (#6), to whom summary judgment was granted, are that they were not negligent in the first instance, or, if jury questions are presented as to their negligence, that the negligence of Wright, who crashed into the rear of the stopped vehicles, must, as a matter of law, be deemed the superseding cause of the injuries, thereby insulating the first defendants from liability. Wyatt (#2) and Ward (#3), to whom summary judgment was denied, make similar contentions and in addition urge that if they are not entitled to summary judgment, then neither the other three of the first defendants nor the third-party defendants are so entitled.

■ ■ If the reader can envision a record approximately 4½ feet thick with the number of affidavits and depositions that implies; a time lapse which the witnesses estimate at between three and ten or at most fifteen minutes, during which fourteen vehicles drove onto the bridge and successive impacts occurring under conditions of practically zero visibility, so that each witness is relating his recollection or impression as it existed at a given moment within his limited area of visibility in a sporadically changing scene so that upon oral argument counsel found it necessary to string a series of diagrams from railing to railing in the court room to illustrate the infinitely varying and conflicting accounts of the witnesses—it may well be understood as an understatement that the evidence as to vehicles 2 through 6 is in some respects conflicting and confusing. At best the result of the several accounts affords

an adumbration of what occurred, and unresolved questions of fact exist as to whether the drivers of vehicles 2 through 5 negligently collided with #1 and with each other, and which of these vehicles contributed to the traffic blockage and in what manner. As to Hoover in #6, the evidence shows that she stopped in the left lane without colliding with any vehicle; however, the evidence is conflicting as to whether she was forced to stop because a part of the previous wreckage was in the left lane or because she was blocked by an unidentified "mystery" automobile, or whether, on the other hand, she was not forced to stop but did so under circumstances which would constitute a violation of *Code Ann.* § 68-1670 (a 13). It appears safe to say only that through a series of collisions or other stopping involving vehicles 2 through 6, both northbound lanes became blocked and further traffic could not proceed. It may take the hot breath of a jury verdict to dissipate the fog surrounding that unfortunate scene to reveal which, if any, of the persons responsible for these vehicles were negligent in colliding, stopping, or other conduct so as to create a blockade; and, unless the negligence of Wright in speeding into the stopped vehicles on the fog-shrouded bridge is deemed, in law, to be the superseding cause of the injuries, none of these defendants (#2 through #6) is entitled to summary judgment.

■ "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. An intervening force may be either a superseding or concurrent cause of injury, depending upon a number of causative factors involved. It may be either dependent upon or . . . independent of the original negligent act, and yet be such that, except for the existence of both negligent acts, the injury would not have occurred. The original act of negligence may be passive, that is harmless unless something further occurs but capable of being made dangerous by the operations of some new force . . . Under such conditions, the fact that an intervening act of a third person is itself negligent, and acts upon the original passive negligence so that injury occurs which otherwise would not have occurred, does not necessarily operate to make the second act of negligence by the third party the sole proximate

cause of injury and thus insulate the original wrongdoer from liability where the original wrongdoer at the time of his negligent conduct should have realized that a third person might so act, or, as a reasonable person knowing the situation existing when the act of the third person was done, would not regard it as extraordinary that the third person would so act." *Taylor v Atlanta Gas Light Co.*, 93 Ga. App. 766, 768 (92 SE2d 709).

In *Southern R. Co. v. Webb*, 116 Ga. 152 (42 SE 395, 59 LRA 109), one of the leading cases on the subject, the principle was established that if the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. That is a jury question. This and similar principles have been applied in countless other cases under a variety of factual situations; and, in particular, both the Supreme Court and this court have held in a plethora of cases that one who is negligent in blocking or obstructing a roadway, whether by turning, stopping, braking, backing, overturning, colliding, etc., is not relieved of the injurious consequences inflicted by the negligence of another motorist encountering the obstruction.

In *Letton v. Kitchen*, 166 Ga. 121 (142 SE 658), vehicle #1 turned right into an intersecting street without signaling. Vehicle #2, negligent in various particulars, was following and attempted to pass to the right, but was prevented from doing so because of the turning truck. In order to avoid a collision with #1, #2 was forced to swerve onto the sidewalk and struck the plaintiff, who sued both. The operator of #1 demurred on the ground that his negligence was not the proximate cause of the injuries. In affirming the overruling of the demurrer, two justices dissenting, the Supreme Court held that whether the negligence of #1 was a proximate cause of the injuries, or "appreciably contributed to the injuries," was for the jury.

In *Kelly v. Locke*, 186 Ga. 620 (198 SE 754), vehicle #1 had been stopped on the highway for two or three minutes, and #2, coming over the brow of a hill, struck #1 from the rear, and plaintiff, a guest in #2, sued #1. The operator of #1 contended that the cause of the collision was not his negligence, "but the

real, direct, and proximate cause of the accident was that the driver of the car in which the plaintiff was riding was negligent in coming over the brow of the hill without knowing what was in front of him, at a speed . . . of 60 or 70 miles an hour, and that this was the proximate cause of the accident." The trial court charged in effect that the jury must decide as between two alternatives—whether the negligence of #2 was the proximate cause, or whether the proximate cause was the parking of #1 on the side of the road. The Supreme Court reversed, one justice dissenting, holding that the jury could have found the concurrent negligence of both drivers constituted the proximate cause, and in this view could have found for the plaintiff against #1 alone.

There are many cases from both the Supreme Court and this court dealing with multiple-vehicle collisions under varying factual situations which, to some extent and in some particulars bear similarity to the one here under consideration, but none is wholly on all fours. However, the same principle by which liability is to be determined runs like a thread through the fabric of all. See the following: *Williams v. Grier,* 196 Ga 327 (26 SE2d 698); *Adams v. Jackson,* 45 Ga. App. 860 (166 SE 258); *Houston v. Taylor,* 50 Ga. App. 811 (179 SE 207); *Callahan v. Cofield,* 61 Ga. App. 780 (7 SE2d 592); *Bozeman v. Blue's Truck Line,* 62 Ga. App. 7 (7 SE2d 412); *Fender v. Drost,* 62 Ga. App. 345 (7 SE2d 800); *Brady v. Fruehauf Trailer Co.,* 63 Ga. App. 50 (10 SE2d 133); *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849); *Eveready Cab Co. v. Wilhite,* 66 Ga. App. 815 (19 SE2d 343); *Co-op Cab Co. v. Preston,* 67 Ga. App. 580 (21 SE2d 251); *Edison v. Felder,* 68 Ga. App. 188 (22 SE2d 523); s.c., 69 Ga. App. 225 (25 SE2d 41); *Tallman v. Green,* 74 Ga App. 731 (41 SE2d 339); *Reeves v. McHan,* 78 Ga. App. 305 (50 SE2d 787); *McDowall Transport v. Gault,* 80 Ga. App. 445 (56 SE2d 161); *Ga. Power Co. v. Blum,* 80 Ga. App. 618 (57 SE2d 18); *Southeastern Greyhound Lines v. Gilstrap,* 76 Ga. App. 813 (47 SE2d 166); *Anderson-McGriff Co. v. Meisel,* 85 Ga. App. 58 (68 SE2d 377) *Guy v. Blanchard Funeral Home,* 85 Ga. Spp. 813 (70 SE2d 117); *Pfeifer v. Yellow Cab Co.,* 88 Ga. App. 221 (1) (76 SE2d 225); *Silver Fleet Cab Co. v. Bauer,* 88 Ga. App. 455 (76 SE2d 845); *Reid v. Modern Roofing &c. Works,* 89 Ga. App. 285 (79 SE2d 31); *Atlanta Newspapers v. Hitchcock,* 89 Ga. App.

322 (79 SE2d 342); *Ponder v. McKinzie*, 89 Ga. App. 846 (81 SE2d 551); *Fletcher v. Abbott*, 92 Ga. App. 364 (88 SE2d 445); *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159 (91 SE2d 135); *Associated Transport v. Greeson*, 94 Ga. App. 47 (93 SE2d 417); *Pitts v. Farlow*, 94 Ga. App. 314 (94 SE2d 391); *Pittman v. Staples*, 95 Ga. App. 187 (97 SE2d 630); *Washington v. Kemp*, 97 Ga. App. 235 (102 SE2d 910); *Landers v. French's Ice Cream Co.*, 98 Ga. App. 317 (106 SE2d 325, 74 ALR2d 1050); *Atlanta Baggage &c. Co. v. Atlanta Taxicabs*, 104 Ga. App. 89 (121 SE2d 175); *Medlin v. Bickford*, 106 Ga. App. 859 (128 SE2d 531); *Kendrick v. Miss Georgia Dairies*, 109 Ga. App. 187 (135 SE2d 508); *National Upholstery Co. v. Padgett*, 111 Ga. App. 842 (8) (143 SE2d 494); *Piller v. Hangar Cab. Co.*, 115 Ga. App. 260 (154 SE2d 420); *Hawkins v. Streetman*, 116 Ga. App. 82 (156 SE2d 368); *Rhodes v. Baker*, 116 Ga. App. 157 (156 SE2d 545); *Dills v. Cooper*, 117 Ga. App. 95 (159 SE2d 501); *George v. Lee*, 118 Ga. App. 302 (163 SE2d 262); *Wehunt v. Rash*, 119 Ga. App. 364 (166 SE2d 917); *Stone's Independent Oil Distributors v. Bailey*, 122 Ga. App. 294 (176 SE2d 613).

The cases of *Millirons v. Blue*, 48 Ga. App. 483 (173 SE 443); *Tucker v. Star Laundry &c.*, 100 Ga. App. 175 (110 SE2d 416); and *Hodge v. Dixon*, 119 Ga. App. 397 (167 SE2d 377) do appear to be, in some degree and to some extent, at variance with the rule expounded in the many others, but they have been distinguished, explained or not followed to such an extent that we see little purpose to be served in repeating the procedure here.

For cases involving a situation as affected by driving in fog, smoke or dust, see: *Holland v. Boyett*, 212 Ga. 458 (3) (93 SE2d 662); *Bonner v. Standard Oil Co.*, 22 Ga. App. 532 (96 SE 573); *Southern Cotton Oil Co. v. Wallace*, 27 Ga. App. 415 (108 SE 624); *Rome R. &c. Co. v. McCartha & Thomas*, 36 Ga. App. 805 (138 SE 359); *McCombs v. Southern R. Co.* 39 Ga. App. 716 (148 SE 407); *Farrar v. Farrar*, 41 Ga. App. 120 (4, 5) (152 SE 278); *Farrer v. Southern R. Co.*, 45 Ga. App. 84 (163 SE 237); *Gay v. Smith*, 51 Ga. App. 615 (181 SE 129); *Reid v. Southern R. Co.*, 52 Ga. App. 508 (183 SE 849); *Bach v. Bragg Bros. & Blackwell*, 53 Ga. App. 574 (186 SE 711); *Taylor v. Morgan*, 54 Ga. App. 426 (188 SE 44); *Pollard v. Blackburn*, 55 Ga. App. 548 (190 SE 621);

*Jones v. Jones,* 57 Ga. App. 349 (195 SE 311); *Pollard v. Roberson,* 57 Ga. App. 621 (195 SE 897); s.c., 61 Ga. App. 465 (6 SE2d 203); *Callahan v. Cofield,* 61 Ga. App. 780, supra; *Ga. R. & Bkg. Co. v. Lokey,* 69 Ga. App. 403 (25 SE2d 921); *Tallman v. Green,* 74 Ga. App. 731, supra; *Stephens v. Tatum,* 92 Ga. App. 256 (88 SE2d 456); *Holland v. Boyette,* 93 Ga. App. 497 (92 SE2d 222), s.c. 212 Ga. 458, supra; *Ellison v. Robinson,* 96 Ga. App. 882 (101 SE2d 902); *Chamberlain v. Rycroft,* 114 Ga. App. 292 (151 SE2d 172); *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918). There may be others.

Although the evidence of negligent action by some of the operators, dependent upon the favorable inferences afforded on a summary judgment hearing, is extremely weak, and on a trial it may very well appear that they are entitled to a directed verdict, we conclude at this stage that the various orders denying summary judgment to original defendants Wyatt #2 and Ward and his principal (#3) must be affirmed, and that the orders granting summary judgment to Lyons (#4), Divinagracia (#5), and Hoover (#6) must be reversed.

■ There was no error in granting summary judgment to third-party defendants Myers (#1), Greene (#7), Adams (#10) and Smith (#11). The evidence is uncontradicted that Myers, in the lead vehicle, was driving a 1967 Ford in good mechanical condition with the windshield wipers working, lights on in the fog, and proceeding at a speed of approximately twenty miles per hour when she was struck in the rear by Wyatt (#2), third-party plaintiff. Wyatt testified that he was hit from the rear by Ward (#3) and knocked forward, striking what he thought to be the bridge abutment. It was only after he had gotten out of his vehicle that he learned he had been propelled into Myers. Prior to that time he had not seen #1 (Myers). Other evidence indicated that Wyatt (#2) first struck Myers (#1) and was then struck from the rear by Ward (#3). In any event the evidence shows conclusively that Myers was guilty of no negligence, and for this reason she was properly granted summary judgment.

It is also uncontradicted that Greene (#7), Adams (#10) and Smith (#11) were able to stop their vehicles before colliding with those ahead and were unable to move because of the traffic block-

age. Since the evidence establishes no negligence on their part, they too, were properly granted summary judgment.

Consequently the various orders granting summary judgments to these third-party defendants must be affirmed.

*Judgments affirmed in part; reversed in part. Hall, P. J., and Whitman, J., concur.*